IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHEILA VANN REESE,
    Plaintiff,

vs.                                      Case No. 5:14cv59/MW/EMT

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This case is before the court upon a petition for attorney's fees under the Equal Access to Justice Act ("EAJA"), filed by Plaintiff's attorney (hereinafter "Petitioner"), the Commissioner's response thereto, and the parties' joint notice/stipulation as to the amount to be awarded to Petitioner under the EAJA (ECF Nos. 39, 40, 43). Petitioner originally sought an award of EAJA fees in the total amount of $7,638.87, as well as $24.00 in paralegal fees (ECF No. 39 at 1). The Commissioner objected to this amount, which was based upon 39.8 hours of work performed by Petitioner and his staff on Plaintiff's behalf (*see id.* at 3), contending that "excessive attorney time [was] spent on [Plaintiff's] case" (ECF No. 40 at 1). The Commissioner has now agreed—as has Petitioner—to an award based upon 34.5 hours of work (ECF No. 43).

- <u>Eligibility for Award of Fees</u>

The EAJA, 28 U.S.C. § 2412, allows for the award of attorney fees and certain costs against the government, provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, and that party's net worth is less than two million dollars; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of the final judgment in the action; 3) the position of the government was not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

In this case, there is no disagreement between the parties as to Plaintiff's minimal net worth or her status as a "prevailing party." To be sure, as to the latter factor, in <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993), the Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g), as did Plaintiff in this case, was the prevailing party and as such was entitled to attorney fees and expenses under the EAJA.[1] Moreover, the parties do not contest the timeliness of the instant motion for EAJA

---

[1] *See* ECF No. 37 (Order, reversing the Commissioner's decision and remanding pursuant to sentence four).

fees.[2] Additionally, the parties do not dispute—and the court finds—that the Commissioner's position was not substantially justified (*see* ECF No. 36). Finally, the court concludes that no special circumstances make an award unjust, especially considering that the Commissioner agrees EAJA fees should be paid in this case. Accordingly, an award of fees is appropriate.

- <u>Amount of Fees</u>

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

---

[2] Petitioner's motion is actually premature. This court entered its order reversing the Commissioner's decision on March 23, 2017, and the clerk entered judgment the same day (ECF Nos. 37, 38). As the Commissioner has sixty days within which to file an appeal of the district court's decision, a judgment typically becomes final after sixty days—or, in this case, on May 23, 2017—and a prevailing plaintiff then has another thirty days within which to file an application for fees. *See* Fed. R. App. P. 4(a)(1)(B) (notice of appeal may be filed within sixty days after entry of the judgment when the United States is a party in the case); *see also* <u>Shalala v. Schaefer</u>, 509 U.S. at 297–98 (discussing timeliness of EAJA application); <u>Myers v. Sullivan</u>, 916 F.2d 659, 667–72 (11th Cir. 1990) (same). The instant motion for EAJA fees was filed on April 19, 2017, before the time within which the Commissioner could have appealed expired. However, it is evident that neither party has or will appeal, and the Commissioner has no objection to the court awarding fees as this time.

Case No. 5:14cv59/MW/EMT

Here, Petitioner seeks an award based upon hourly rates of $190.00, $191.25, and $193.75 for work performed on Plaintiff's behalf in 2015, 2016, and 2017, respectively, based upon changes in the Consumer Price Index ("CPI") (*see, e.g.*, ECF No. 39 at 12). The undersigned concludes that the rates requested are reasonable. *See, e.g.*, Brungardt v. Comm'r of Soc. Sec., 234 F. App'x 889, 891 (11th Cir. 2007) (unpublished) (finding proper an EAJA award based upon an hourly rate of $147 for work done in 2005 and 2006 and noting "that 'a court is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'") (citing Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)); Perdue v. Colvin, No. 1:12cv229/GRJ, 2014 WL 345696, at *1 (N.D. Fla. Jan. 30, 2014) (awarding compensation under the EAJA at hourly rates of $184.32 and $186.55 for work performed by counsel in 2012 and 2013, respectively, and noting, "While applying cost-of-living adjustments to petitions for EAJA fees is in the discretion of the Court, the Eleventh Circuit has instructed that this application is 'next to automatic.'") (quoting Meyer v. Sullivan, 958 F.2d 1029, 1035 n.9 (11th Cir. 1992)); *see also, e.g.*, Greene v. Colvin, No. 5:12cv242/MMP/EMT, 2014 WL 518932, at

*1–2 (N.D. Fla. Feb. 10, 2014) (awarding compensation under the EAJA at hourly rates of $184.38 and $186.63 for work performed by counsel in 2012 and 2013, respectively); Godwin v. Barnhart, Case No. 3:04cv298/RV/EMT (N.D. Fla. 2006) (finding compensation at the rate of $147.63 per hour reasonable, based upon a change in the CPI, for work performed in 2004 and 2005); Facine v. Barnhart, Case No. 5:02cv26/MD (N.D. Fla. 2004) (finding compensation at the rate of $145.00 per hour reasonable for work performed from 2001 through 2004).

The undersigned also concludes that the total hours expended by Petitioner on Plaintiff's behalf, as now agreed upon by the parties (i.e., 34.5), are reasonable. Accordingly, a fee award in the total amount of $6,612.27 (34.5 x 191.66 = 6,612.27) is appropriate.[3]

- <u>Whether the Award is Payable to Plaintiff or Petitioner</u>

The remaining question concerns to whom the EAJA award is payable. In Astrue v. Ratliff, 560 U.S. 586 (2010), the Supreme Court resolved a split among certain Circuit Courts of Appeal and held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's

---

[3] The parties did not indicate in their joint notice which hourly rate(s) should be used in calculating the EAJA award. Thus, the undersigned will utilize the average of the three amounts identified by Petitioner ($191.66).

Case No. 5:14cv59/MW/EMT

attorney.  *See also* <u>Reeves v. Astrue</u>, 526 F.3d 732 (11th Cir. 2008) (same).  The Court further held that because the EAJA award was "payable to the prevailing litigant," the government could offset a claimant's qualifying debt (to the United States) against that award.  <u>Ratliff</u>, 560 U.S. at 596.[4]  The award in this case is therefore properly payable to Plaintiff, as the "prevailing litigant," assuming an award remains after any qualifying debts have been satisfied.  The court will, however, recommend that any award be mailed to Petitioner's office, so that Petitioner and Plaintiff may mutually implement their fee agreement without this court's involvement.

Accordingly, it is respectfully **RECOMMENDED** that the Petition for Attorney Fees under the Equal Access to Justice Act (ECF No. 39), be **GRANTED** as follows:

1. Plaintiff shall recover fees in the amount of $6,612.27, for time expended by her counsel in representing her before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA).  The fee award is subject to an offset to satisfy any qualifying outstanding debt that Plaintiff may owe to the United States.

2. If Plaintiff receives all or any portion of the EAJA fee award, it shall be mailed to her in care of her attorney, Douglas Dale

---

[4] In <u>Ratliff</u>, the Court was not required to address whether its decision would have been different if the claimant had assigned her right to the EAJA award directly to her attorney, as Plaintiff appears to have done in the instant case (*see* ECF No. 39 at 3; ECF No. 39-1).

Case No. 5:14cv59/MW/EMT

Mohney, Avard Law Offices, PA, Post Office Box 101110, Cape Coral, FL 33910 .

At Pensacola, Florida, this  7 $^{th}$ day of June 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**